# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

IRA GREEN,

                Plaintiff,

     v.

JOHN CHAKOTOS, et al.,

                Defendants.

1:11-cv-01611-LJO-DLB PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS

(ECF No. 1)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

_____

## I.    <u>Background</u>

Plaintiff Ira Green ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants John Chakotos and Igbinosa for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and state law claims of negligence and intentional tort. Plaintiff filed this action in Fresno County Superior Court on June 27, 2011. Defendants removed the action to this Court on September 22, 2011. On July 30, 2012, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found that it stated cognizable claims against Defendant Chakotos, but failed to state a claim against Defendant Igbinosa. Plaintiff was offered the opportunity to amend his complaint or to proceed only against Defendant Chakotos. On August 15, 2012,

Plaintiff notified the Court that he did not wish to amend, and would proceed against Defendant Chakotos.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.   <u>Summary of Complaint</u>**

Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants doctor John Chakotos and chief medical officer Igbinosa.

Plaintiff alleges the following. On August 10, 2010, Defendant Chakotos examined Plaintiff and informed him that he would be renewing Plaintiff's pain medication, morphine and nuerrodins, and gave Plaintiff a pain questionnaire to bring back within thirty days, when he would talk about raising the dosage. Plaintiff however was cut off from the morphine without first tapering Plaintiff off the medication by Defendant Chakotos. Defendant Chakotos was aware that Plaintiff suffered chronic pain and required a knee replacement, and was aware that he should have weaned Plaintiff off the medication instead of cutting Plaintiff off "cold turkey." On September 2, 2010, Plaintiff awoke and could not move, as his body started shaking and

trembling uncontrollably.  Plaintiff went to healthcare, and was told to fill out a sick call request.

On September 14, 2010, Plaintiff was seen by Defendant Chakotos, and complained that he endured chronic pain and had a seizure experience.  Defendant Chakotos examined Plaintiff and informed him that he would not be renewing Plaintiff's pain medication.  Defendant Chakotos told Plaintiff that he would be prescribing Tylenol 3 for Plaintiff, but he lied and never prescribed anything.  On October 9, 2010, Plaintiff was seen by another doctor who renewed Plaintiff's medication at a lesser dosage of 15 milligrams of morphine in the morning and the evening.  Plaintiff later put in a medical request slip, complaining that the pain medication was not "sustaining" the pain.  Plaintiff was seen by Defendant Chakotos a week later.  Defendant Chakotos was upset and asked who had renewed Plaintiff's pain medication because he had cut Plaintiff off.  He then informed Plaintiff that he would taper Plaintiff off the morphine.

Plaintiff requests compensatory and punitive damages as relief.[1]

## III.   Analysis

### A.   Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).   The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under

---

[1] The Court presumes that Plaintiff brings this suit against Defendants in their personal capacity for the purposes of recovering monetary damages. *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has sufficiently alleged that he suffers a serious medical need because of his chronic pain, satisfying the objective prong. *Farmer*, 511 U.S. at 834. Plaintiff has sufficiently alleged facts that satisfy the subjective prong for deliberate indifference against Defendant Chakotos. Plaintiff alleges that Defendant Chakotos discontinued Plaintiff's morphine treatment without first weaning Plaintiff off the medication, resulting in Plaintiff suffering chronic pain and a seizure-like experience. Plaintiff alleges that Defendant Chakotos was aware of Plaintiff's chronic pain and need for knee replacement surgery, and that he should have weaned Plaintiff off the medication. This is sufficient to allege that Defendant Chakotos knew of and disregarded Plaintiff's serious medical need.

Plaintiff fails to allege any facts that would demonstrate Defendant Igbinosa knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

## B.   <u>Supervisory Liability</u>

Plaintiff names Defendant Igbinosa, based solely on his supervisory role. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation

1  of constitutional rights or knew of the violations and failed to act to prevent them.  *Taylor v. List*,

2  880 F.2d 1040, 1045 (9th Cir. 1989).

3      Plaintiff fails to allege facts which demonstrate that Defendant Igbinosa personally

4  participated in an alleged deprivation of constitutional rights or knew of constitutional violations

5  and failed to act to prevent them.

6      **C.      State Law Claims**

7      Plaintiff alleges negligence and intentional tort by Defendant Chakotos, which are state

8  law claims.[2]  California's Tort Claims Act requires that a tort claim against a public entity or its

9  employees be presented to the California Victim Compensation and Government Claims Board,

10  formerly known as the State Board of Control, no more than six months after the cause of action

11  accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written

12  claim, and action on or rejection of the claim, are conditions precedent to suit.  *State v. Superior*

13  *Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub.*

14  *Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public

15  employee, a plaintiff must allege compliance with the Tort Claims Act.  *State v. Superior Court*,

16  32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839

17  F.2d 621, 627 (9th Cir. 1988).  As there is no such pleading in this complaint, Plaintiff's state

18  law claims are dismissed.

19  **IV.     Conclusion**

20      The Court finds that Plaintiff's complaint states cognizable Eighth Amendment claims

21  against Defendant Chakotos in his individual capacity.  However, Plaintiff fails to state any other

22  claims upon which relief can be granted under § 1983 against Defendant Igbinosa, and fails to

23  state any state law claims.  Plaintiff was offered the opportunity to amend his complaint, but

24  declined, wishing to proceed only against Defendant Chakotos for an Eighth Amendment claim.

25      Accordingly, it is HEREBY RECOMMENDED that:

26  1.  This action proceed against Defendant Chakotos for deliberate indifference to a serious

27      medical need in violation of the Eighth Amendment;

28  _____
[2] Plaintiff fails to specify what intentional tort he alleges.

2. Plaintiff's Eighth Amendment claim against Defendant Igbinosa, and negligence and intentional tort claims be dismissed with prejudice for failure to state a claim;

3. Defendant Igbinosa be dismissed from this action; and

4. Defendant Chakotos be ordered to serve and file an answer within thirty (30) days from the date of the order adjudicating these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**August 20, 2012**__                    _____/s/ *Dennis L. Beck*_____
                                                          UNITED STATES MAGISTRATE JUDGE