# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA GREEN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN CHAKOTOS, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01611-LJO-DLB PC<br><br>**ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE**<br><br>ECF No. 18<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.    Background**

Plaintiff Ira Green ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants John Chakotos and Igbinosa for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and state law claims of negligence and intentional tort. Plaintiff filed this action in Fresno County Superior Court on June 27, 2011. Defendants removed the action to this Court on September 22, 2011. On October 29, 2012, Plaintiff filed his First Amended Complaint, which is presently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendant doctor John Chakotos.

Plaintiff alleges the following. On August 10, 2010, Defendant Chakotos examined Plaintiff and informed him that he would be renewing Plaintiff's pain medication, morphine and nuerrodins, and gave Plaintiff a pain questionnaire to bring back within thirty days, when he would talk about raising the dosage. Plaintiff however was cut off from the morphine without first tapering Plaintiff off the medication by Defendant Chakotos. Defendant Chakotos was aware that Plaintiff suffered chronic pain and required a knee replacement, and was aware that he should have weaned Plaintiff off the medication instead of cutting Plaintiff off "cold turkey." On September 2, 2010, Plaintiff awoke and could not move, as his body started shaking and trembling uncontrollably. Plaintiff went to healthcare, and was told to fill out a sick call request.

On September 14, 2010, Plaintiff was seen by Defendant Chakotos, and complained that he endured chronic pain and had a seizure experience. Defendant Chakotos examined Plaintiff and informed him that he would not be renewing Plaintiff's pain medication. Defendant Chakotos told Plaintiff that he would be prescribing Tylenol 3 for Plaintiff, but he lied and never prescribed anything. On October 9, 2010, Plaintiff was seen by another doctor who renewed Plaintiff's medication at a lesser dosage of 15 milligrams of morphine in the morning and the evening. Plaintiff later put in a medical request slip, complaining that the pain medication was not "sustaining" the

pain. Plaintiff was seen by Defendant Chakotos a week later. Defendant Chakotos was upset and asked who had renewed Plaintiff's pain medication because he had cut Plaintiff off. He then informed Plaintiff that he would taper Plaintiff off the morphine.[1]

Plaintiff contends a violation of the Eighth Amendment, and negligence and intentional tort[2]. Plaintiff requests compensatory and punitive damages as relief.[3]

### III.   Analysis

####   A.   Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff states a cognizable claim for relief against Defendant Chakotos for deliberate

---

[1] Plaintiff makes no allegations against Defendant Igbinosa in his First Amended Complaint.
[2] Plaintiff fails to specify what intentional tort.
[3] Plaintiff also requests that his pain medication be re-prescribed, and that he see a pain specialist from an outside pain management clinic. Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Because Plaintiff has been transferred to another facility, Plaintiff's requests for injunctive relief are moot.

indifference to a serious medical need.

**B.     State Law Claims**

Plaintiff alleges negligence and intentional tort by Defendant Chakotos, which are state law claims.  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  *State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  As there is no such pleading in this complaint, Plaintiff's state law claims are dismissed.[4]

**IV.     Conclusion and Order**

Plaintiff states a cognizable claim against Defendant John Chakotos for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff does not state any other claims against any other Defendants.  The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides not to amend and is willing to proceed only on the claims found to be cognizable, Plaintiff shall notify the Court.  The Court will issue an order dismissing all other claims and Defendant Igbinosa from this action, and direct Defendant Chakotos to file a responsive pleading.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

---

[4] In the Court's prior screening of Plaintiff's Complaint, Plaintiff had also failed to plead compliance with the California Tort Claims Act.  July 30, 2012 Order, ECF No. 9.

constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   (a) File a second amended complaint curing the deficiencies identified herein; or
   (b) Notify the Court of willingness to proceed only on claims found to be cognizable as stated herein;
3. Plaintiff may not add any new, unrelated claims to this action via the second amended complaint and any attempt to do so may result in an order striking the second amended complaint; and
4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 2, 2013**              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE