1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14

| | |
|---|---|
| IRA GREEN, | Case No. 1:11-cv-01611-LJO-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMEDNDATIONS RECOMMENDING TO DISMISS CERTAIN CLAIMS** |
| v. | |
| JOHN CHAKOTOS, | ECF No. 25 |
| Defendant. | RESPONSE DUE WITHIN THIRTY DAYS |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.      **Background**

Plaintiff Ira Green ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action in Fresno County Superior Court on June 27, 2011. Defendants removed the action to this Court on September 22, 2011.  On October 29, 2012, Plaintiff filed his First Amended Complaint.  (ECF No. 18.)  On April 2, 2013, the Court screened Plaintiff's first amended complaint and found that it stated some cognizable claims.  (ECF No. 24.)  Plaintiff was ordered to file an amended complaint curing the deficiencies in his non-cognizable claims or to proceed only on the claims found to be cognizable.   On May 3, 2013, Plaintiff filed a second amended complaint, which is presently before the Court for screening.  (ECF No. 25.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

2          A complaint must contain "a short and plain statement of the claim showing that the pleader

3   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5   do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

6   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

7   claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

8   allegations are accepted as true, legal conclusions are not.  *Id.*

9   **II.    Summary of Second Amended Complaint**

10         Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California,

11  where the events giving rise to this action occurred.  Plaintiff names D. John Chakotos as the

12  defendant in this action.

13         Plaintiff alleges the following.  On August 10, 2010, Defendant Chakotos examined Plaintiff

14  and informed him that he would be renewing Plaintiff's pain medication, morphine and nuerrodins,

15  and gave Plaintiff a pain questionnaire to bring back within thirty days, when he would talk about

16  raising the dosage.  Plaintiff however was cut off from the morphine without first tapering Plaintiff

17  off the medication by Defendant Chakotos.  Defendant Chakotos was aware that Plaintiff suffered

18  chronic pain and required a knee replacement, and was aware that he should have weaned Plaintiff

19  off the medication instead of cutting Plaintiff off "cold turkey."  On September 2, 2010, Plaintiff

20  awoke and could not move, as his body started shaking and trembling uncontrollably.  Plaintiff went

21  to healthcare, and was told to fill out a sick call request.

22         On September 14, 2010, Plaintiff was seen by Defendant Chakotos, and complained that he

23  endured chronic pain and had a seizure experience.  Defendant Chakotos examined Plaintiff and

24  informed him that he would not be renewing Plaintiff's pain medication.  Defendant Chakotos told

25  Plaintiff that he would be prescribing Tylenol 3 for Plaintiff, but he lied and never prescribed

26  anything.  On October 9, 2010, Plaintiff was seen by another doctor who renewed Plaintiff's

27  medication at a lesser dosage of 15 milligrams of morphine in the morning and the evening.  Plaintiff

28  later put in a medical request slip, complaining that the pain medication was not "sustaining" the

2

pain.  Plaintiff was seen by Defendant Chakotos a week later.  Defendant Chakotos was upset and asked who had renewed Plaintiff's pain medication because he had cut Plaintiff off.  He then informed Plaintiff that he would taper Plaintiff off the morphine.

Plaintiff contends a violation of the Eighth Amendment, and negligence and intentional tort[1].  Plaintiff requests compensatory and punitive damages as relief.[2]

**III.**   **Analysis**

**A.**   **Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).    A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, the Court finds that Plaintiff states a cognizable claim for relief against Defendant

---

[1] Plaintiff fails to specify what intentional tort.

[2] Plaintiff also requests that his pain medication be re-prescribed, and that he see a pain specialist from an outside pain management clinic. Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).  Because Plaintiff has been transferred to another facility, Plaintiff's requests for injunctive relief are moot.

Chakotos for deliberate indifference to a serious medical need, in violation of the Eighth Amendment.

**B.      State Law Claims**

Plaintiff alleges negligence and intentional tort by Defendant Chakotos, which are state law claims.   California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.   Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff's second amended complaint provides sufficient evidence to satisfy the threshold requirement of the California Tort Claims Act. Accordingly, the issue is whether Plaintiff's second amended complaint sufficiently pleads causes of action for his various state law claims.

**1.      Negligence**

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'"  *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Here, the Court finds that Plaintiff states a cognizable claim for relief against Defendant Chakotos for state law negligence.

///

///

4

1      **2.      Intentional Infliction of Emotional Distress**[3]

2              Under California law, the elements of intentional infliction of emotional distress are: (1)

3      extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

4      of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

5      emotional distress; and (3) actual and proximate causation of the emotional distress by the

6      defendant's outrageous conduct.  *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (quotation

7      marks omitted); *Tekkle v. United States*, 567 F.3d 554, 855 (9th Cir. 2007); *Simo v. Union of*

8      *Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003).  Conduct is

9      outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized

10     community.  *Corales*, 567 F.3d at 571; *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622.  In addition

11     to the requirement that the conduct be intentional and outrageous, the conduct must have been

12     directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was aware.  *Simo*, 322

13     F.3d at 622.

14             Plaintiff's complaint is devoid of any facts showing he has suffered severe or extreme

15     emotional distress.  Accordingly, the Court finds that Plaintiff fails to sufficiently plead a claim for

16     intentional infliction of emotional distress.

17     **IV.    Conclusion and Recommendation**

18             Plaintiff states cognizable claims against Defendant John Chakotos for 1) deliberate

19     indifference to a serious medical need in violation of the Eighth Amendment; and 2) for negligence.

20     Plaintiff does not state any other claims against Defendant Chakotos. Under Rule 15(a) of the

21     Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'"

22     Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the

23     plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal

24     citations omitted).  However, the Court finds that the deficiencies outlined above are not capable of

25     being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. §

26     1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

27     ///

28
---
[3] Although Plaintiff does not specifically indicate which intentional tort claim he brings, the Court construes Plaintiff's claim as one for the intentional infliction of emotional distress.

Accordingly, it is HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's second amended complaint, filed May 3, 2013, against Defendant John Chakotos for 1) deliberate indifference in violation of the Eighth Amendment; and 2)  state law negligence;

2.      Plaintiff's remaining state law claims be dismissed, with prejudice, for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 19, 2013**            _____/s/ *Dennis L. Beck*____

UNITED STATES MAGISTRATE JUDGE

6