# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA GREEN | Case No. 1:11-cv-01611-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STRIKE SURREPLY |
| v. | (ECF Nos. 36 & 37) |
| JOHN CHAKOTOS,, | |
| Defendant. | |

Plaintiff Ira Green, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 22, 2011. This action is proceeding on Plaintiff's Second Amended Complaint, filed on May 3, 2013, for claims against Defendant John Chakotos for 1) deliberate indifference in violation of the Eighth Amendment; and 2) state law negligence. (ECF Nos. 25 & 28.) Pending before the Court is Defendant's Motion to Dismiss. On February 10, 2014, Plaintiff filed a surreply to the Motion to Dismiss. (ECF No. 36.) On February 14, 2014, Defendant filed a motion to strike Plaintiff's surreply. (ECF No. 37.)

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district

court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).  To the extent that Defendants did bring up new evidence in his Reply, the Court did not consider such evidence in ruling on the Motion to Dismiss.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's surreply is STRICKEN from the record; and
2. Defendant's motion to strike Plaintiff's surreply is GRANTED.

IT IS SO ORDERED.

Dated:   **July 18, 2014**                    /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE