# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA GREEN | Case No. 1:11-cv-01611-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| JOHN CHAKOTOS,, | (ECF No. 32) |
| Defendant. | FOURTEEN-DAY DEADLINE |

## I. PROCEDURAL HISTORY

Plaintiff Ira Green, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 22, 2011. This action is proceeding on Plaintiff's Second Amended Complaint ("SAC"), filed on May 3, 2013, for claims against Defendant John Chakotos for 1) deliberate indifference in violation of the Eighth Amendment; and 2) state law negligence. (ECF Nos. 25 & 28.)

Pending before the Court is Defendant Chakotos' Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 18, 2013. (ECF No. 32.) Plaintiff filed an Opposition on January 17, 2014, and Defendants replied on January 24, 2014. (ECF Nos. 33 & 34.) The matter is deemed submitted pursuant to Local Rule 230(*l*).

///

///

## II. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh*, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011). "'A complaint

cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

**III. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names D. John Chakotos as the defendant in this action.

Plaintiff alleges the following. On August 10, 2010, Defendant Chakotos examined Plaintiff and informed him that he would be renewing Plaintiff's pain medication, morphine and nuerrodins, and gave Plaintiff a pain questionnaire to bring back within thirty days, when he would talk about raising the dosage. Plaintiff however was cut off from the morphine without first tapering Plaintiff off the medication by Defendant Chakotos. Defendant Chakotos was aware that Plaintiff suffered chronic pain and required a knee replacement, and was aware that he should have weaned Plaintiff off the medication instead of cutting Plaintiff off "cold turkey." On September 2, 2010, Plaintiff awoke and could not move, as his body started shaking and trembling uncontrollably. Plaintiff went to healthcare, and was told to fill out a sick call request.

On September 14, 2010, Plaintiff was seen by Defendant Chakotos, and complained that he endured chronic pain and had a seizure experience. Defendant Chakotos examined Plaintiff and informed him that he would not be renewing Plaintiff's pain medication. Defendant Chakotos told Plaintiff that he would be prescribing Tylenol 3 for Plaintiff, but he lied and never prescribed anything. On October 9, 2010, Plaintiff was seen by another doctor who renewed Plaintiff's medication at a lesser dosage of 15 milligrams of morphine in the morning and the evening. Plaintiff later put in a medical request slip, complaining that the pain medication was not "sustaining" the pain. Plaintiff was seen by Defendant Chakotos a week later. Defendant Chakotos was upset and asked who had renewed Plaintiff's pain medication because he had cut Plaintiff off. He then informed Plaintiff that he would taper Plaintiff off the morphine.

Plaintiff contends a violation of the Eighth Amendment, and negligence and intentional

3

tort. Plaintiff requests compensatory and punitive damages as relief.[1]

## IV. DISCUSSION

### A. Failure to State a Claim

#### 1. Prior Screening Order

On September 20, 2013, this Court issued an order indicating that it had screened Plaintiff's SAC pursuant to 28 U.S.C. § 1915A and found that it stated a claim against Defendant John Chakotos for 1) deliberate indifference in violation of the Eighth Amendment; and 2) state law negligence. (ECF Nos. 25 & 28.) While the order finding a cognizable claim did not include a full analysis,[2] the Court conducted the same examination as it does in all screening orders. In other words, the Court's conclusion was based upon the same legal standards as this 12(b)(6) motion. Insofar as Defendants argue that Plaintiff's claim should be dismissed for failure to state a claim, they wholly fail to acknowledge the Court's prior finding. 28 U.S.C. § 1915A; *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A screening order may not be ignored or disregarded. *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005). To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine. As a result, the moving party is expected to articulate the grounds for the 12(b)(6) motion in light of a screening order finding the complaint stated a claim. *Ingle*, 408 F.3d at 594; *Thomas v. Hickman*, 2008 WL 2233566, *2-3 (E.D. Cal. 2008).

In this regard, this Court recently explained:

> If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or

---

[1] Plaintiff also requests that his pain medication be re-prescribed, and that he see a pain specialist from an outside pain management clinic. Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Because Plaintiff has been transferred to another facility, Plaintiff's requests for injunctive relief are moot.

[2] Generally, the Court provides a fully reasoned analysis only where it must explain why the complaint *does not* state at least one claim. In cases where the complaint states only cognizable claims against all named defendants, the Court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

some other recognized exception to the law of the case doctrine. *Ingle*, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000). Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders. *Ingle*, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); *Thomas*, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

*Chavez v. Yates*, No. 1:09-cv-01080-AWI-SKO (PC) (E.D. Cal. Oct. 3, 2013) (ECF No. 41).

Here, rather than move forward with this action based upon the Court's findings in the screening order, Defendant now moves to dismiss the Eighth Amendment claim based on the argument that Plaintiff's SAC does not demonstrate the required elements of the claims that the Court previously found cognizable.

**2.   Analysis**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendant argues in the Motion to Dismiss that Plaintiff's factual allegations do not support an Eighth Amendment claim. However, the Court is unpersuaded by Defendant's argument and stands by its original screening order. At this stage, Defendant has not shown that the screening order was clearly erroneous so as to avoid application of the law of the case doctrine. Based on the allegations above, Plaintiff has set forth a plausible claim for relief under the applicable screening standards. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor). Accordingly, the Court recommends denying Defendant's Motion to Dismiss on the basis of Plaintiff's failure to state an Eighth Amendment Claim.

**B.** **Government Claims Act—Negligence Claim**

**1.** **Legal Standard**

Plaintiff alleges negligence by Defendant Chakotos, which is a state law claim. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance

with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Generally, the lawsuit must be commenced within six months of the notice rejecting the claim. Cal. Gov. Code §§ 913, 945.6; Cal. Code Civ. Proc. § 342; *Shirk*, 42 Cal. 4th at 209. Plaintiff's Second Amended Complaint plead that he had complied with the Tort Claims Act. Defendant argues in his Motion to Dismiss that Plaintiff's negligence claim is time barred because Plaintiff failed to file this action within six months of the notice rejecting his claim.

### 2. Analysis

Plaintiff presented Government Claim no. G592451, on October 6, 2010. (SAC; ECF No. 25 at 62-64.) Notice of the rejection of Plaintiff's claim was mailed on November 24, 2010. (*Id*. at 65.) Thus, Plaintiff's six month window to commence this action expired on May 24, 2011. Cal. Gov. Code §§ 913, 945.6; Cal. Code Civ. Proc. § 342; *Shirk*, 42 Cal. 4th at 209. However, Plaintiff commenced this action on June 27, 2011, over a month passed the six-month deadline. (Compl. at 4, ECF No. 1; *see also* SAC; ECF No. 25 at 4.)

Plaintiff contends that his state claim is not barred as untimely because he did not receive the November 24, 2010 rejection letter until December 22, 2010, and "the six month time limitation to file suit does not begin to toll until receipt of [the] rejection notice." (Pl's Opp.; ECF No. 33 at 3-4.) However, it is the mailing of the rejection notice that triggers the running of the six-month limitation period. *Chalmers v. Cnty. of Los Angeles*, 175 Cal. App. 3d 461, 466 (1985) (citing Cal. Gov. Code § 945.6(a)(1)); *see also Him v. City & County of San Francisco*, 133 Cal. App. 4th 437, 444 (2005) (proof of mailing is sufficient to trigger the six-month limit for filing suit). Plaintiff's exhibits to his opposition show that the rejection letter was placed in the mail on November 24, 2010. (Pl's Opp.; ECF No. 33 at 9.) Thus, the six-month limit for filing suit on his negligence claim was triggered on November 24, 2010, not December 22, 2010 as Plaintiff contends. Thus, Plaintiff's negligence claim is time barred because Plaintiff failed to file this action within six months of the notice rejecting his claim. Accordingly, the Court recommends that Defendant's Motion to Dismiss be granted in regards to the state law negligence claim.

///

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss, filed on December 18, 2013, be DENIED in part and GRANTED in part as follows:

1. Defendant's Motion to Dismiss based on Plaintiff's failure to state a claim is DENIED; and

2. Defendant's Motion to Dismiss the state law negligence claim is GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 18, 2014**                              /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE