# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA GREEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN CHAKOTOS,<br><br>　　　　Defendant. | Case No. 1:11-cv-01611 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>[ECF No. 49] |

Plaintiff Ira Green ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed on May 3, 2013, against Defendant Chakotos for a claim of deliberate indifference in violation of the Eighth Amendment. Defendant filed an answer to the SAC on August 25, 2014, and the Court issued a scheduling order on August 26, 2014.

On October 2, 2014, Plaintiff filed a motion to compel discovery. Defendants filed an opposition to the motion on October 10, 2014. Plaintiff did not file a reply. The motion to compel is deemed submitted pursuant to Local Rule 230(l).

## **LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. See, e.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id., at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator. Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Here, Defendant states Plaintiff has not yet served discovery on Defendant. Therefore, Plaintiff's motion is improper. Plaintiff is advised that he must first serve discovery requests on Defendant and provide Defendant with an opportunity to respond to his requests before he can move to compel responses.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   **November 11, 2014**          /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE