# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA GREEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN CHAKOTOS,<br><br>　　　　　Defendant. | Case No. 1:11-cv-01611 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION CONCERNING EXHAUSTION<br><br>[ECF No. 50] |

　　　　Plaintiff Ira Green ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed on May 3, 2013, against Defendant Chakotos for a claim of deliberate indifference in violation of the Eighth Amendment. Defendant filed an answer to the SAC on August 25, 2014, and the Court issued a scheduling order on August 26, 2014.

　　　　On October 2, 2014, Plaintiff filed a pleading entitled "Motion Based on Exhaustion." It is unclear from the motion what Plaintiff is seeking. Plaintiff is advised that exhaustion of administrative remedies is not yet at issue in this case. Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). However, the failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendant has the burden of raising and proving the absence of exhaustion. Jones, 549

1

U.S. at 216; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  In this case, the affirmative defense may be raised in a motion for summary judgment by Defendant, but not until then.  If it is raised by Defendant, Plaintiff may address the issue at that time.

  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion concerning exhaustion is DENIED.

IT IS SO ORDERED.

  Dated: __**November 11, 2014**__      _____/s/ *Dennis L. Beck*_____
                    UNITED STATES MAGISTRATE JUDGE

2