**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA GREEN,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN CHAKOTOS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-01611 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>[ECF No. 63]<br><br>OBJECTION DEADLINE: THIRTY DAYS |

**I.	Background**

Plaintiff Ira Green ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Second Amended Complaint, filed on May 3, 2013, against Defendant Chakotos for a claim of deliberate indifference in violation of the Eighth Amendment.

On March 24, 2015, Defendant filed a motion for summary judgment. (ECF No. 63.) On April 20, 2015, Plaintiff filed an opposition to the motion for summary judgment. (ECF No. 65.) Defendants filed a reply on May 6, 2015. (ECF No. 69). This motion has been submitted upon the record without oral argument.[1] Local Rule 230(*l*). For the reasons set forth below, the Court

---

[1] Concurrently with his motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

recommends that Defendant's motion be granted.

## II.     Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted),

*cert. denied*, 132 S.Ct. 1566 (2012). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**III.     Evidentiary Objections**

Defendant identifies five evidentiary objections to evidence submitted by Plaintiff in support of his opposition. It is neither necessary for the Court to address each one individually nor is it the practice of the Court to do so in the context of summary judgment. See Oyarzo v. Tuolumne Fire Dist., 955 F.Supp.2d 1038, 1052 n.1 (E.D.Cal. 2013) ("It is not this Court's practice to rule on evidentiary matters individually in the context of summary judgment, unless otherwise noted."); Capital Records, LLC v. BlueBeat, Inc., 765 F.Supp.2d 1198, 1200 n.1 (C.D.Cal. 2010); Burch v. Regents of Univ. of California, 433 F.Supp.2d 1110, 1118-22 (E.D.Cal. 2006). Accordingly, Defendant's objections are addressed generally and as a group as follows.

Defendant's objections to official prison records for lack of authentication are overruled. Fed. R. Evid. 901(b)(4); Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532-33 (9th Cir. 2011). The records are subject to authentication under Rule 901(b)(6), and the Court notes the absence of any evidence or argument suggesting the existence of a legitimate challenge to the records on authentication grounds. See Chamberlain v. Les Schwab Tire Center of California, Inc., No. 2:11-cv-03105-JAM-DAD, 2012 WL 6020103, at *2 (E.D.Cal. Dec. 3, 2012) (citing Burch v. Regents of Univ. of California, 433 F.Supp.2d 1110, 1120 (E.D.Cal. 2006)) (rejecting "purely procedural" authentication objection).

Defendant's hearsay objections are also overruled. "At summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001)) (internal quotations omitted). The focus is on the admissibility of the evidence's contents, not its form, Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004); Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003); Cheeks v. General Dynamics, 22 F.Supp.3d 1015, 1027 (D.Ariz. 2014); Burch v. Regents of Univ.

3

of California, 433 F.Supp.2d 1110, 1122 (E.D.Cal. 2006), and declarations which contain hearsay are admissible for summary judgment purposes if they can be presented in admissible form at trial, Fonseca, 374 F.3d at 846.  Furthermore, "[i]f the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay." Calmat Co. v. U.S. Dep't of Labor, 364 F.3d 1117, 1124 (9th Cir. 2004).  In any event, because the Court did not rely on any of the evidence objected to on hearsay grounds, it need not reach those objections.

Finally, given the Court's duty to determine whether there exists a genuine dispute as to any *material* fact, an independent objection to evidence as irrelevant is both unnecessary and unhelpful.  E.g., Carden v. Chenega Sec. & Protections Servs., LLC, No. CIV 2:09-1799 WBS CMK, 2011 WL 1807384, at *3 (E.D.Cal. May 10, 2011); Arias v. McHugh, No. CIV 2:09-690 WBS GGH, 2010 WL 2511175, at *6 (E.D.Cal. Jun. 17, 2010); Tracchia v. Tilton, No. CIV S-06-2916 GEB KJM P, 2009 WL 3055222, at *3 (E.D.Cal. Sept. 21, 2009); Burch, 433 F.Supp.2d at 1119.  Defendant's objection on relevancy grounds are therefore disregarded.

## IV.     Plaintiff's Claim[2]

Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names Dr. John Chakotos as Defendant in this action.

Plaintiff alleges the following. On August 10, 2010, Defendant Chakotos examined Plaintiff and informed him that he would be renewing Plaintiff's pain medications, morphine and neurontin, and gave Plaintiff a pain questionnaire to bring back within thirty days, when he would talk about raising the dosage.  Plaintiff however was cut off from the morphine without first tapering Plaintiff off the medication by Defendant Chakotos.  Defendant Chakotos was aware that Plaintiff suffered chronic pain and required a knee replacement, and was aware that he should have weaned Plaintiff off the medication instead of cutting Plaintiff off "cold turkey."  On

---

[2] Plaintiff's Second Amended Complaint is not verified.  Therefore, the allegations cannot be used as evidence to create a triable issue of fact. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).

September 2, 2010, Plaintiff awoke and could not move, as his body started shaking and trembling uncontrollably. Plaintiff went to healthcare, and was told to fill out a sick call request.

On September 14, 2010, Plaintiff was seen by Defendant Chakotos, and complained that he endured chronic pain and had a seizure experience. Defendant Chakotos examined Plaintiff and informed him that he would not be renewing Plaintiff's pain medication. Defendant Chakotos told Plaintiff that he would be prescribing Tylenol 3 for Plaintiff, but he lied and never prescribed anything. On October 9, 2010, Plaintiff was seen by another doctor who renewed Plaintiff's medication at a lesser dosage of 15 milligrams of morphine in the morning and the evening. Plaintiff later put in a medical request slip, complaining that the pain medication was not "sustaining" the pain. Plaintiff was seen by Defendant Chakotos a week later. Defendant Chakotos was upset and asked who had renewed Plaintiff's pain medication because he had cut Plaintiff off. He then informed Plaintiff that he would taper Plaintiff off the morphine.

Plaintiff claims Defendant Chakotos violated the Eighth Amendment prohibition against cruel and unusual punishment.

Plaintiff requests compensatory and punitive damages as relief.

## V.     **Undisputed Facts**[3]

1. Plaintiff is currently detained at Valley State Prison in Chowchilla, California. (Pl.'s Dep. 5:14.)

2. Plaintiff was an inmate at Pleasant Valley State Prison in 2010 when Defendant allegedly violated his rights. (Pl.'s Dep. 41.)

3. Defendant is a physician and surgeon at Pleasant Valley State Prison, and was so employed during the events that gave rise to this action.[4] (Chakotos Decl. ¶ 2.)

---

[3] Plaintiff did not admit or deny the facts set forth by Defendant as undisputed. Local Rule 56-260(b). In addition, Plaintiff's Second Amended Complaint is not verified. Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's statement of undisputed facts. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). Facts which are immaterial to resolution of Defendants' motion for summary judgment, unsupported by admissible evidence, and/or redundant are omitted.

[4] Plaintiff submits as undisputed that Defendant Chakotos and expert witness Dr. Galen Church are not orthopedic specialists or experts on pain management. Defendants do not dispute that Defendant Chakotos and witness Church are not orthopedic or pain management specialists. However, Defendant is correct that these facts are immaterial insofar as Defendant Chakotos and witness Church are both licensed physicians who are trained and authorized to prescribe medication including pain medication. Plaintiff also submits that Dr. Duenas is not an orthopedic specialist

5

4. On August 9, 2010, Plaintiff was seen by Defendant Chakotos. (Chakotos Decl. ¶ 6.)

5. At that time, Plaintiff was taking three 15 milligram extended release morphine tablets per day, one in the morning and two in the evening, apparently for chronic knee and back pain.[5] (Chakotos Decl. ¶ 6; Church Decl. ¶ 8.)

6. Morphine is a powerful and addictive narcotic drug that should not be prescribed for chronic pain that is not severe and debilitating. (Chakotos Decl. ¶ 5; Church Decl. ¶ 6.)

7. A fifteen milligram tablet is the lowest available dosage for extended release morphine. (Chakotos Decl. ¶ 6; Church Decl. ¶ 8.)

8. As of August 9, 2010, morphine was not appropriate to treat Plaintiff and was not indicated for Plaintiff's medical condition and/or pain level. (Chakotos Decl. ¶ 6; Church Decl. ¶¶ 6-7, 17.)

9. Because in the medical opinion of Dr. Chakotos, morphine was not indicated for Plaintiff's medical condition and/or pain level as of August 9, 2010, Dr. Chakotos declined to renew Plaintiff's prescription for morphine, which would expire on or about August 31, 2010.[6] (Chakotos Decl. ¶ 6.)

10. Dr. Chakotos did not stop Plaintiff's prescription for Gabapentin during the August 9, 2010 visit. (Chakotos Decl. ¶ 6; Church Decl. ¶ 18.)

11. Permitting Plaintiff's prescription for morphine to expire on August 31, 2010, without tapering was reasonable and not medically unacceptable. (Chakotos Decl. ¶ 16; Church Decl. ¶¶ 13-14, 17.)

---

or an expert in pain management. Defendant correctly argues that there is no evidence to support this allegation. Plaintiff also submits that Defendant Chakotos is not an expert on identifying drug addicts. This alleged fact is immaterial.

[5] Plaintiff submits that he was diagnosed by a physician named Dr. Perrin who was an orthopedic specialist. This fact is immaterial since Dr. Perrin's treatment in 2005 is not relevant to Plaintiff's claims involving Defendant Chakotos's decision to discontinue morphine in 2010. Plaintiff also claims as undisputed that he was recommended pain medications by an offsite group of pain management specialists in 2008. This alleged fact is unsupported by any evidence.

[6] Plaintiff alleges as undisputed that Defendant Chakotos did not follow the prison health care services pain management guidelines. Plaintiff references a "Booklet," but no such booklet was submitted with his opposition papers. Therefore, this alleged fact has no evidentiary support. Plaintiff further submits as undisputed the "CDCR policy on how pain medications are prescribed & discontinued." (Pl.'s Statement of Undisputed Facts ¶ 10.) This is not a fact, but a reference to documents Plaintiff has attached as Exhibit C to his opposition.

12. There was no risk of serious or excessive harm to Plaintiff by allowing his prescription for morphine to expire on August 31, 2010, even without tapering the dosage. (Chakotos Decl. ¶ 16; Church Decl. ¶¶ 14-17.)

13. Plaintiff experienced withdrawal symptoms which lasted for a short period of time on September 2, 2010; Plaintiff never again experienced any such symptoms. (Pl.'s Statement of Undisputed Facts ¶ 7; Pl.'s Dep. 59:12-25, 60:1-24.)

14. It is a just as likely that Plaintiff would have experienced minor withdrawal symptoms even if he had been tapered off of morphine. (Church Decl. ¶ 16.)

15. Plaintiff was seen again by Dr. Chakotos on September 14, 2010. (Chakotos Decl. ¶ 8.)

16. During the visit of September 14, 2010, Plaintiff complained of lower back pain, among other things. (Chakotos Decl. ¶ 8.)

17. Based on his examination of Plaintiff, Dr. Chakotos believed that Plaintiff was greatly exaggerating his pain and acting in a drug-seeking manner. (Chakotos Decl. ¶ 8.)

18. Morphine was still not indicated for Plaintiff's medical condition and/or pain level as of September 14, 2010, and Dr. Chakotos made the determination that his morphine would not be re-started. (Chakotos Decl. ¶ 8; Church Decl. ¶¶ 6-7, 17.)

19. As of September 14, 2010, Dr. Chakotos determined that Gabapentin was not appropriate to treat Plaintiff and was not indicated for Plaintiff's medical condition and/or pain level, as Gabapentin causes sedation and in many cases debilitates a patient, and should not be used chronically in the absence of neuropathy, something which Dr. Chakotos did not detect during his physical examination of Plaintiff on September 14, 2010. (Chakotos Decl. ¶ 10; Church Decl. ¶ 19.)

20. Because Dr. Chakotos determined that, in his medical opinion, Gabapentin was not appropriate to treat Plaintiff and was not indicated for Plaintiff's medical condition and/or pain level as of September 14, 2010, Dr. Chakotos did not renew Plaintiff's prescription for Gabapentin and allowed the prescription to expire. (Chakotos Decl. ¶ 10.)

21. Plaintiff was seen by Dr. Chakotos on October 26, 2010. (Chakotos Decl. ¶ 12.)

22. As of October 26, 2010, morphine was still not appropriate to treat Plaintiff and was not indicated for Plaintiff's medical condition and/or pain level. (Chakotos Decl. ¶ 12; Church Decl. ¶¶ 6-7, 17.)

23. During his examination of Plaintiff on October 26, 2010, upon finding that Plaintiff had been placed back on morphine in early October 2010, Dr. Chakotos discontinued Plaintiff's prescription for morphine and reduced (i.e. tapered) Plaintiff's dosage to nothing over the course of 20 days. (Chakotos Decl. ¶ 12.)

24. Plaintiff would suffer no serious harm or injury from the discontinuation of morphine or Gabapentin. (Chakotos Decl. ¶¶ 16-17; Church Decl. ¶¶ 6-7, 13-19.)

25. In connection with a subsequent examination of Plaintiff on December 15, 2010, another physician at Pleasant Valley State Prison, Dr. A. Duenas, concluded that morphine and Gabapentin were not indicated for Plaintiff's condition/level of pain and that his medications should include non-steroidal anti-inflammatory agents (e.g., ibuprofen, Tylenol) only. (Chakotos Decl. ¶ 18, and Ex. B; Church Decl. ¶ 7, and Ex. A.)

26. If Plaintiff were in need of pain medication, such medication should have been limited to non-steroidal anti-inflammatory agents, which are relatively non-addictive and less likely to be abused. (Chakotos Decl. ¶ 5; Church Decl. ¶ 6.)

27. Although Dr. Chakotos twice discontinued Plaintiff's prescription for morphine, Plaintiff was never without access to pain medication, as an inmate at PVSP could, at any time, go to the nurse's line and obtain over-the-counter pain medication, such as ibuprofen, for which he would not need a prescription from a doctor. (Chakotos Decl. ¶ 7.)

28. On or about September 6, 2010, Plaintiff was provided with Ibuprofen with instructions to take 1-2 200 mg tablets every 4-6 hours not to exceed six tablets in twenty-four hours. (Chakotos Decl. ¶ 7.)

29. From September 6, 2010 through at least November 27, 2010, Plaintiff was provided with non-steroidal anti-inflammatory pain medication on an as-needed basis. (Chakotos Decl. ¶¶ 7, 13-17.)

30. Defendant Chakotos used his best judgment in diagnosing and treating Plaintiff.

8

(Chakotos Decl. ¶¶ 5, 19.)

31. Defendant Chakotos never refused to provide Plaintiff with an examination or treatment that was medically necessary. (Chakotos Decl. ¶ 19.)

32. Defendant Chakotos never knowingly or intentionally disregarded any risk of harm or injury to Plaintiff. (Chakotos Decl. ¶ 19; Church Decl. ¶¶ 13, 17, 19.)

33. Defendant Chakotos never knowingly or intentionally caused Plaintiff any suffering, harm, or pain. (Chakotos Decl. ¶ 19; Church Decl. ¶¶ 13-19.)

34. Defendant Chakotos' treatment of Plaintiff has been reasonable and consistent with the standard of care ordinarily exercised by physicians in the State of California. (Chakotos Decl. ¶ 17; Church Decl. ¶¶ 13, 17, 19.)

**VI. Discussion**

    **A. Deliberate Indifference**

        1. Legal Standard

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128

9

1  (9th Cir. 1998).

2  For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

7  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

2.  Analysis

As an initial matter, Plaintiff's chronic back pain constituted an objectively serious medical need. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Although Defendant argues to the contrary, Plaintiff's condition was one that a reasonable doctor would find important and worthy of comment or treatment and, viewing the evidence in the light most favorable to Plaintiff, his condition resulted in chronic pain. Lopez, 203 F.3d at 1131. Nevertheless, the critical inquiry here is whether Defendant acted with subjective deliberate indifference to Plaintiff's painful back condition, not whether Plaintiff's condition rose to the level of objectively serious medical need.

Turning to the subjective element of deliberate indifference, Defendant has submitted evidence that the discontinuation of Plaintiff's morphine prescription in August of 2010 and his Gabapentin prescription in September of 2010, were reasonable given the physical examination of Plaintiff, and that the discontinuation was consistent with appropriate medical practice which includes the desire to minimize reliance on narcotics and unnecessary drugs for chronic pain. It is

undisputed that Plaintiff was taking a low dose of morphine tablets at that time, insofar as Plaintiff was taking three 15mg extended release tablets per day, one in the morning and two at night, and 15mg is the lowest possible dose. Defendant has submitted evidence that morphine was not indicated for Plaintiff's medical condition and/or pain level as of August 9, 2010. Defendant has submitted evidence that Gabapentin was not appropriate to treat Plaintiff on September 14, 2010, as Gabapentin causes sedation and in many cases debilitates a patient, and should not be used chronically in the absence of neuropathy, something that Defendant did not detect during his examination of Plaintiff on September 14, 2010. In addition, Defendant has submitted evidence that termination of Plaintiff's morphine dosage without tapering on August 9, 2010, was reasonable and not medically unacceptable. Further, Defendant has submitted evidence showing that Plaintiff's pain could be appropriately treated with non-steroidal anti-inflammatory agents such as Ibuprofen and Tylenol. It is undisputed that pain medication such as Ibuprofen and Tylenol were available at any time to Plaintiff, and in fact, Plaintiff was provided on or about September 6, 2010, with Ibuprofen and instructions to take 1 to 2 200mg tablets every 4 to 6 hours as needed, not to exceed 6 tablets in a 24 hour period.

Likewise, Defendant has produced evidence that an excessive or substantial risk to Plaintiff's health or safety did not exist by discontinuing the morphine prescription without tapering or by discontinuing the morphine and Gabapentin prescriptions altogether. The evidence shows that Plaintiff was taking a low dose of morphine and therefore there was no need to taper as may be necessary with a high dose. The evidence further shows that the decision not to taper presented no risk of serious harm to Plaintiff in that any withdrawal symptoms would not be severe, and in fact, the evidence shows they were not severe as to Plaintiff. Similarly, Defendant has produced evidence that the discontinuation of the Gabapentin prescription presented no risk of serious harm to Plaintiff since Gabapentin is not a narcotic, and therefore, discontinuation could not cause withdrawal symptoms.

Plaintiff is required to produce admissible evidence that the course of treatment prescribed by Defendant was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to Plaintiff's health. Snow, 681 F.3d at 988 (quotation marks and

citation omitted). Plaintiff has not done so.[7] Therefore, there is no material factual dispute with respect to the propriety of Defendant's decision to discontinue Plaintiff's morphine dosage without tapering on August 9, 2010, or discontinuing Plaintiff's morphine and Gabapentin thereafter.

Accordingly, there is no dispute as to any material fact and Defendant is entitled to summary judgment. The undisputed evidence, when viewed in a light most favorable to Plaintiff, does not establish an Eighth Amendment violation.

### VII.  Conclusion and Recommendation

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment, filed on March 24, 2015, be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections must be filed within **ten (10) days** from the date of service of the objections. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **August 25, 2015**                              /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff's lay opinion on the propriety of the medical treatment he received is not admissible, and Plaintiff did not submit any expert opinions controverting those of Defendant and Dr. Church.